UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NOR'WESTER INDUSTRIES, INC., a Washington Corporation, and JEANNE PLANTE, an individual,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>VACATION STRUCTURES, INC., a Washington Corporation, GILBERT GRIFFES, individually and the marital community of GILBERT GRIFFES and LAURIE NOEL GRIFFES, husband and wife; ROBERT C. POLLOCK, individually, and JEFFREY R. POLLOCK, individually, and the marital community of JEFFREY R. POLLOCK, and LYNETTE POLLOCK, husband and wife,<br><br>　　　　　　Defendants. | Case No. C08-5150RJB<br><br>ORDER TO PROVIDE PROOF OF COMPLIANCE WITH FED.R.CIV.P. 15(a) |

ORDER
Page - 1

|  |
|---|
| VACATION STRUCTURES, INC., a Washington Corporation, GILBERT GRIFFES, individually and the marital community of GILBERT GRIFFES and LAURIE NOEL GRIFFES, husband and wife; ROBERT C. POLLOCK, individually, <br><br>Third-Party Plaintiffs, <br><br>v. <br><br>ROBERT MCNEELY and JEANNE PLANTE, husband and wife and the marital community composed thereof, LOUELLA HAMILTON and "JOHN DOE" HAMILTON, husband and wife and the marital community composed thereof, <br><br>Third-Party Defendants, |

This matter comes before the court on the plaintiffs' Motion and Memorandum in Support of Remand. Dkt. 10. The defendant opposes the motion. Dkt. 14. The court has considered the relevant documents and the remainder of the file herein.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 26, 2006, the plaintiffs filed a complaint in Lewis County Superior Court. Dkt. 7-3 at 5. The plaintiffs alleged Interference with Contract Relations, Intentional Interference with Business Relationships, Conversion, Breach of Duty of Loyalty, Misappropriation of Trades Secrets in violation of Wash. Rev. Code 19.109 (later dismissed by plaintiffs), and Assault. Dkt. 7-3 at 5.

The plaintiffs sought a preliminary injunction restraining the defendants from using information allegedly taken from Nor'Wester Industries, Inc. Dkt. 7-3 at 19. The court granted the plaintiffs' request and issued the injunction, which is presently in effect, on January 5, 2007. Dkt. 7-5 at 16. The plaintiffs also moved for sanctions on February 4, 2008, on the basis that the defendants failed to produce certain documents during discovery, which the court orally granted on February 29, 2008. Dkt. 7-11 at 69. The plaintiffs allege that the issue of the monetary amount of the sanctions remains pending before the trial court. Dkt. 10 at 4.

On February 29, 2008, the parties stipulated to allow the plaintiffs to file a Third Amended

Complaint. Dkt. 7-15 at 45. The plaintiffs added a claim under the Computer Fraud and Abuse Act, 18 U.S.C. §1030 *et seq.*, on the basis that the Defendant Gil Griffes had taken and used information from Nor'Wester Industries, Inc.'s computers. Dkt. 10 at 4.

On March 13, 2008, defendants filed their Notice for Removal to Federal Court. Dkt. 1. The plaintiffs' claim under the Computer Fraud and Abuse Act, 18 U.S.C. §1030 *et seq.*, formed the basis of the defendants' removal. *See* Dkt. 1. On March 20, 2008, the plaintiffs filed a Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P. 41, dismissing their Computer Fraud and Abuse Act claim. Dkt. 6. On March 27, 2008, the defendants filed a Motion for Summary Judgment Dismissing Plaintiffs' Claim for Violation of the Washington Consumer Protection Act. Dkt. 8.

## MOTION FOR REMAND

The plaintiffs filed a Motion and Memorandum in Support of Remand on March 28, 2008. Dkt. 10. The plaintiffs assert that the only basis for removal of this matter was the Computer Fraud and Abuse claim, which has been dismissed. Dkt. 10 at 5. The plaintiff contends that the federal court has little invested in adjudicating this dispute, and that ther e is no longer any basis for federal jurisdiction.

The defendants filed a response on April 14, 2008. Dkt. 14. The defendants argue that removal was proper based upon the federal claim alleged in the plaintiffs' complaint, and the federal claim has not been dismissed because a party may not use Rule 41(a)(1) to dismiss a single claim in a multi-claim complaint. Dkt. 14 at 3. In the alternative, the defendant argues that the court has the discretion to deny the plaintiffs' motion to remand on grounds that the factors set forth in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), weigh in favor of this court retaining jurisdiction over the state law claims. Dkt. 14 at 4.

The plaintiffs filed a reply on April 18, 2008. Dkt. 19. The plaintiffs conceded that they should have dismissed their Computer Fraud claim under Fed.R.Civ.P. 15(a) instead of 41(a), but argued that this argument is "classic form over substance." Dkt. 19 at 2. The plaintiffs also asserted that the *Cohill* factors strongly favor remand to Lewis County Superior Court. Dkt. 19 at 3.

## DISCUSSION

This matter was removed to federal court on the basis of federal question jurisdiction under 28 U.S.C. §1331. Dkt. 1. The plaintiffs then voluntarily dismissed their claim for violation of the Computer

1 | Fraud and Abuse Act, 18 U.S.C. §1030 *et seq.,* under Fed.R.Civ.P. 41(a).  Dkt. 6.

2 |     The plaintiffs should have dismissed their federal claim under Fed.R.Civ.P. 15(a) instead of
3 | Fed.R.Civ.P. 41(a), because "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim
4 | from a multi-claim complaint."  *See Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1392 (9th Cir. 1988).
5 | Instead, plaintiffs must "amend the party's pleading only by leave of court or by written consent of the
6 | adverse party." Fed.R.Civ.P. 15(a).  While plaintiffs may consider this distinction "classic form over
7 | substance," both parties are required to abide by procedural rules.

8 |     Therefore, it is hereby

9 |     **ORDERED** that the plaintiffs shall **PROVIDE PROOF OF COMPLIANCE** with Fed.R.Civ.P.
10 | 15(a) by May 9, 2008.  If Plaintiffs fail to provide proof of compliance with Fed.R.Civ.P. 15(a) by May 9,
11 | 2008, the Court will refer to the plaintiffs' Third Amended Complaint, Lewis County Superior Court Cause
12 | No. 06-2-01620, when considering the plaintiffs' Motion and Memorandum in Support of Remand, Dkt.
13 | 10, and the defendants' Motion for Summary Judgment Dismissing Plaintiffs' Claim for Violation of the
14 | Washington Consumer Protection Act, Dkt. 8.

15 |     The plaintiffs' Motion and Memorandum in Support of Remand, Dkt. 10, is **RENOTED** for
16 | consideration on May 16, 2008.  The defendants' Motion for Summary Judgment Dismissing Plaintiffs'
17 | Claim for Violation of the Washington Consumer Protection Act, Dkt. 8, is **RENOTED** for consideration
18 | on May 16, 2008.  The Clerk is directed to send uncertified copies of this Order to all counsel of record
19 | and to any party appearing *pro se* at said party's last known address.

20 |
21 |     DATED this 30th day of April, 2008.
22 |
23 |
24 |
25 |     Robert J Bryan
26 |     United States District Judge
27 |
28 |

ORDER
Page - 4